# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. 3:08-CR-00253 |
| | : | |
| v. | : | |
| | : | |
| LEWIS JOHN DAVIES | : | (JUDGE CAPUTO) |
| | : | |
| Defendant. | : | |

## MEMORANDUM

Presently before the Court is Defendant Lewis John Davies' Supplemental Pre-Trial Motions (Doc. 94.) Defendant's motion seeks to 1) suppress a CD that allegedly contains child pornography that was seized from Defendant's home pursuant to a search warrant, 2) sever Counts I and II of the superseding indictment, 3) dismiss Count III of the superseding indictment because it is multiplicitous of Count I, and 4) have the government return property seized from Defendant. (Doc. 94.) Also before the Court is Defendant's Motion to Dismiss Count I of the superseding indictment. (Doc. 100.)

## BACKGROUND

In 2008, Defendant was under investigation by the Federal Bureau of Investigation ("FBI") for potential violations of internet solicitation of a minor to engage in sexual activity pursuant to 18 U.S.C. § 2422(b). On June 12, 2008, a search warrant was issued for Defendant's home; the warrant authorized law enforcement officials to seize certain property as evidence of criminal activity in violation of 18 U.S.C. § 2422(b) and 18 U.S.C. §§ 2252, 2252A, which make it illegal to knowingly receive, possess, or attempt to possess child pornography. An attachment to the warrant listed the items to be seized and searched as all visual depictions of child pornography as defined by 18 U.S.C. § 2256, including all computers, disks, cables and other items, all computer passwords, all documents, records,

emails, internet history pertaining to violations of 18 U.S.C. § 2256, and any records, documents, invoices, notes and materials that pertain to accounts with an internet service provider.

The affidavit for probable cause claims to set forth facts relevant to establish probable cause of violation of 18 U.S.C. § 2422(b) and 18 U.S.C. §§ 2252, 2252A. According to the affiant Jennifer Welsh, who was also the FBI agent who conducted the investigation, Defendant engaged in several internet chats and messages with the agent, who posed as a fourteen-year-old girl. Defendant also allegedly sent pictures of his genitalia to the agent, indicated that he would like to take pictures of the agent on his pool table, commented that he would like to see nude photographs of the agent, and described his house and told the agent the block on which he lived.

The affidavit went on to explain that the agent traveled to the block described by Defendant, and found a house matching the description that Defendant had given to the agent. It also noted that a 2006 study by the National Center for Missing and Exploited Children, the Crimes Against Children Research Center, and the Office of Juvenile Justice and Delinquency Prevention found that 43% of the offenders who solicited undercover investigators posing online as minors also possessed child pornography. Magistrate Judge Malachy E. Mannion issued the warrant on June 12, 2008.

On June 13, 2008, agents executed the warrant on Defendant's residence and recovered over thirty (30) pieces of property, including laptops, desktops, thumb drives, CD's, floppy disks, a video camera, and cables. Among the items seized was a CD that allegedly contains a ten second video clip of a minor engaging in sexual activity.

On June 17, 2008, a grand jury issued a one-count indictment, charging Defendant

with knowingly attempting to persuade, entice, or induce a minor to engage in sexual acts in violation of 18 U.S.C. § 2422(b) (Count I). Defendant filed a motion to dismiss, which was subsequently denied as moot when the government filed a superseding indictment that added charges for possession of child pornography pursuant to 18 U.S.C. § 2252(a)(4)(B) (Count II) and knowingly attempting to transfer obscene material to an individual under the age of sixteen (16) pursuant to 18 U.S.C. § 1470 (Count III).

On January 28, 2010, Defendant filed the instant motion seeking to 1) suppress a CD that allegedly contains child pornography that was seized from Defendant's home pursuant to a search warrant, 2) sever Counts I and II of the superseding indictment, 3) dismiss Count III of the superseding indictment because it is multiplicitous of Count I, and 4) have the government return property seized from Defendant. On April 12, 2010, Defendant re-filed his Motion to Dismiss Count I of the superseding indictmnet. These motions are fully briefed and are currently ripe for disposition.

## **DISCUSSION**

**I.     Motion to Supress**

Defendant argues that the CD allegedly containing child pornography should be suppressed because the warrant authorizing seizure of the CD was issued without probable cause and lacked specificity.

**A.     Probable Cause**

The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizure, shall not be violated, and no Warrants shall issue, but upon probable

cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." Evidence that is seized pursuant to a search warrant that is not issued upon probable cause may be suppressed. *United States v. Vosburgh*, 602 F.3d 512, 525 (3d Cir. 2010) (citations omitted). District courts reviewing a magistrate judge's decision to issue a warrant must determine whether the magistrate judge had a "substantial basis" for determining that probable cause existed. *United States v. Zimmerman*, 277 F.3d 426, 432 (3d Cir. 2002) (citing *United States v. Harvey*, 2 F.3d 1318, 1322 (3d Cir. 1993)). To do so, this Court "must determine if a 'practical, commonsense decision [was made] whether, given all the circumstances set forth in the affidavit before him . . . there is a fair probability that contraband or evidence of a crime [would] be found in a particular place.'" *Zimmerman*, 277 F.3d at 432 (citing *Illinois v. Gates*, 462 U.S. 213, 238 (1983)). While the decision of the magistrate should be paid great deference, *Harvey*, 2 F.3d at 1322, district courts reviewing a magistrate judge's decision should not "simply rubber stamp a magistrate's conclusions." *United States v. Tehfe*, 722 F.2d 1114, 1117 (3d Cir. 1983).

There are two cases from the Third Circuit Court of Appeals that could potentially control this case. Defendant argues that *Zimmerman* should control. In that case, the defendant was a high school teacher and basketball coach who was accused of molestation by several former students. *Zimmerman*, 277 F.3d at 430. The allegations against the defendant included accusations that he had forced his students to simulate oral sex on him, touched their genitalia, talked about graphic sexual matters, and had shown pornography consisting of a video clip of an adult woman performing fellatio on a horse. *Id.* A search warrant was issued seeking both adult and child pornography; the police raided defendant's

4

home and found several images of child pornography. *Id.* at 431-32. The affidavit referred to the aforementioned video clip and contained an opinion by Postal Inspector Thomas Clinton that persons with sexual interest in children may possess child pornography, but Thomas' opinion did not refer to the defendant or the facts of the case. *Id.* at 431. The Third Circuit Court of Appeals held that the warrant was not issued on probable cause because "there was absolutely no information in the affidavit or anywhere else indicating that child pornography was – or ever had been – located [at defendant's residence]." *Id.* at 433.

Recently, the Third Circuit Court of Appeals distinguished the holding in *Zimmerman*. In *Vosburgh*, the FBI set up a sting operation on a known child pornography message board by posting a link that purported to be a video of a four-year-old child engaged in sexual activity. 602 F.3d at 517. When defendant clicked on the link, it created a log file that allowed the FBI agent to track the users of the link by their Internet Protocol ("IP") address. *Id.* Defendant attempted to download the link three times in a two-minute period. *Id.* at 518. The FBI agent then tracked the defendant's address by using his IP address and conducted surveillance on the defendant's residence. *Id.* Based on the surveillance, the agent applied for a search warrant; the affidavit in support of the application discussed the actions of child pornography collectors generally, the nature of the message board used in the sting operation, why it was unlikely that somebody attempting to access the link could have done so by accident, and finally the facts specific to defendant, including defendant's repeated efforts to access the link that he believed contained child pornography. *Id.* at 518-19. The Third Circuit Court of Appeals held that:

> Attempted possession of child pornography is a federal crime. *See* 18 U.S.C. § 2252(b)(2). Therefore, the attempts to access the Link by someone

> using [defendant's] IP address were undoubtedly criminal activity. Considering the "totality of the circumstances" outlined in Agent Desy's affidavit, *Gates*, 462 U.S. at 238, 103 S.Ct. 2317, we think it was fairly probable that "instrumentalities or evidence" of that criminal activity-such as computers and computer equipment-would be found in [defendant's] apartment.

*Id.* at 527.

This case is more like *Vosburgh* than *Zimmerman*. As in *Vosburgh*, the affidavit of probable cause set forth facts that would make it fairly probable, considering the totality of the circumstances, that evidence of attempted possession of child pornography in violation of 18 U.S.C. § 2252 would be found in Defendant's home. Defendant engaged in explicit online discussions with the agent, said he wanted to take pictures of her on his pool table, asked her to take off her hoodie and shirt in subsequent photographs, and then gave her his address. Therefore, there was sufficient evidence to give rise to probable cause to believe that Defendant attempted to produce and/or possess child pornography. This case is distinguishable from *Zimmerman*, where there was no evidence that the defendant had ever possessed or attempted to possess child pornography at any time. Thus, the warrant was issued on probable cause.

### B. Specificity

Defendant also argues that the warrant did not set out the items to be seized with sufficient specificity. As noted above, the Fourth Amendment to the United States Constitution requires that a search warrant particularly describe the place to be searched and the persons or things to be seized. "The requirement that warrants shall particularly describe the things to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be

6

taken, nothing is left to the discretion of the officer executing the warrant." *Marron v. United States*, 275 U.S. 192, 196, (1927).

The Third Circuit Court of Appeals has upheld the language ""[p]hotographs, drawings, magazines or other visual media to include photographic slides, videotapes or literature depicting children under the age of 18 years engaging in sexually explicit conduct as defined in Title 18, U.S.Code, Section 2256" as being sufficiently specific to satisfy the Fourth Amendment. *United States v. Loy*, 191 F.3d 360, 369 (3d Cir. 1999). Likewise, the Third Circuit Court of Appeals has upheld "[c]omputers, computer peripherals, related instruction manuals and notes, and software in order to conduct an off-site search for electronic copies of [documents]" as satisfying the Fourth Amendment's particularity requirement. *United States v. Ninety-Two Thousand Four Hundred Twenty-Two Dollars and Fifty-Seven Cents*, 307 F.3d 137, 149 (3d Cir. 2002).

The items listed in the instant warrant, while broad, described inclusive generic terms of what should be seized and, therefore, did not give the executing officers unbridled discretion. *Id.* The Third Circuit Court of Appeals has held that similar language satisfied the Fourth Amendment in *Loy* and *Ninety-Two Thousand Four Hundred Twenty-Two Dollars and Fifty-Seven Cents.* The warrant in the instant matter is also sufficiently specific. Therefore, Defendant's Motion to Suppress will be denied.

## II. Motion to Sever

Defendant also seeks to sever Count I (for internet enticement of a minor) from Count II (possession of child pornography). Fed. R. Crim. P. 8(a) states that an indictment "may charge a defendant in separate counts with 2 or more offenses if the offenses charged –

7

whether felonies or misdemeanors or both – are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." The rule is disjunctive; therefore, if any of the criteria are satisfied, joinder is permissible.

At least one court of appeals has held that enticement of a minor to engage in sexual activity and possession of child pornography are similar charges that may be joined pursuant to Rule 8(a). *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (citing *United States v. Hersh*, 297 F.3d 1233, 1242 (11th Cir. 2002)). This Court agrees with the Second Circuit Court of Appeals that such charges have a "sufficient logical connection" that they can be said to be of the same or similar character. *See id.* (quotations omitted).

Defendant argues that, even if the charges may be joined, they should not be because they are prejudicial. Fed. R. Crim. P. 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Defendant contends that the government's evidence of possession of child pornography is weak and that government might use evidence of the other offenses to "bootstrap" the proof on the child pornography charge. In *Rivera*, the Second Circuit Court of Appeals held that such a "spillover" argument of generalized prejudice is not sufficient to show that a district court must exercise its discretion to sever pursuant to Rule 14(a). *Rivera*, 546 F.3d at 254. Defendant has not cited any case that would suggest that such "prejudice" requires severance. As such, this Court will not sever the charges, and Defendant's motion on this ground will be denied.

8

### III. Motion to Dismiss as Multiplicitous

Defendant also moves to dismiss Count III of the superseding indictment (forwarding obscene materials to a person less than sixteen (16) years of age) because it is multiplicitous of Count I **(**internet enticement of a minor). "The basic inquiry in determining whether counts of an indictment are truly separate, and not multiplicious, is whether proof of one offense charged requires an additional fact that proof of the other offense does not necessitate." *United States v. Carter*, 576 F.2d 1061, 1064 (3d Cir. 1978) (citing *United States v. Beacon Brass Co.,* 344 U.S. 43, 45 (1952)).

The two charges at issue here require proof at least one additional fact. Count III only requires that the government prove that the Defendant transferred images to someone under the age of sixteen. Count I requires the government to prove that the Defendant attempted to induce a minor to engage in sexual activity. While actions taken that would satisfy Count III might also satisfy Count I, such as sending pictures of Defendant's genitalia to the agent, Count I requires additional proof regarding Defendant's motives when sending that material. As such, it requires proof of an additional fact and the charges are not multiplicitious. Defendant's motion will be denied on this ground as well.

### IV. Motion to Return Property

Defendant also moves for return of property that he contends belong to his wife and children. Fed. R. Crim. P. 41(g) provides "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." When a motion for return of property is made while a criminal prosecution is pending, the burden is on the moving party to show why he is entitled to the property. *United States v.*

9

*Chambers*, 192 F.3d 374, 377 (3d Cir. 1999). Generally a Rule 41(g) motion will be denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband, or the government's need for the property as evidence continues. *Id.* (citing *United States v. Van Cauwenberghe*, 934 F.2d 1048, 1061 (9th Cir. 1991)).[1]

Defendant has not met his burden to prove why he is entitled to the property. First, he has not specifically stated which seized items he is seeking to have returned. Second, he has clearly implied, in this motion and at previous proceedings before this Court, that he intends to defend the charges against him by claiming that some of the items seized belonged to his son or wife. As such, the government's need to use the property as evidence is still ongoing in this case. Defendant's motion for return of property will be denied.

## V. Motion to Dismiss

Defendant also moves to dismiss Count I of the superseding indictment, arguing that the government's evidence on the attempted internet enticement charge is insufficient to convict him because the chat logs amount to nothing more than "sexual banter." The Third Circuit Court of Appeals has clearly held that pretrial motions to dismiss are not the proper vehicle to challenge the sufficiency of the government's evidence, unless there is a stipulated record or immunity issues are involved. *United States v. DeLaurentis*, 230 F.3d 659, 660-61 (3d Cir. 2000) (citations omitted). Fed. R. Crim. P. 12(b)(2) permits dismissal of an indictment if the allegations are insufficient to charge an offense, "but such dismissals may not be predicated upon the insufficiency of the evidence to prove the indictment's charges." *Id.* at 661 (citing *United States v. Sampson*, 371 U.S. 75, 78-79 (1962)). Defendant is challenging

---

[1] *Chambers* refers to Rule 41(e); Rule 41(e) was amended to become the present-day Rule 41(g) in 2002. *United States v. Pantelidis*, 335 F.3d 226, 231 n.2 (3d Cir. 2003)

10

the sufficiency of the government's evidence to prove the attempted internet enticement charge, which is clearly not a valid basis for a dismiss of that charge. There is no stipulated record or immunity issues. Therefore, Defendant's motion to dismiss will be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant's motion seeking to 1) suppress a CD that allegedly contains child pornography that was seized from Defendant's home pursuant to a search warrant, 2) sever Counts I and II of the superseding indictment, 3) dismiss Count III of the superseding indictment because it is multiplicitous of Count I, and 4) have the government return property seized from Defendant will be denied. Furthermore, Defendant's Motion to Dismiss will be denied. An appropriate order follows.


July 29, 2010 /s/ A. Richard Caputo
Date A. Richard Caputo
United States District Judge

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CRIMINAL ACTION NO. 3:08-CR-00253 |
| | : | |
| v. | : | |
| | : | |
| LEWIS JOHN DAVIES | : | (JUDGE CAPUTO) |
| | : | |
| Defendant. | : | |

## ORDER

**NOW,** this 29th of July, 2010, it is **HEREBY ORDERED THAT**:

(1) Defendant's motion seeking to 1) suppress a CD that allegedly contains child pornography that was seized from Defendant's home pursuant to a search warrant, 2) sever Counts I and II of the superseding indictment, 3) dismiss Count III of the superseding indictment because it is multiplicitous of Count I, and 4) have the government return property seized from Defendant (Doc. 94) is **DENIED**.

(2) Defendant's Motion to Dismiss (Doc. 100) is **DENIED**.

        /s/ A. Richard Caputo  
        A. Richard Caputo  
        United States District Judge